UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRACY WILBURN,

            Petitioner,            Case No. 2:09-cv-125

v.                                     Honorable R. Allan Edgar

BARRY DAVIS,

            Respondent.
_____

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is currently incarcerated at Newberry Correctional Facility. He pleaded guilty to one count of unarmed robbery, MICH. COMP. LAWS § 750.530, in Kent County Circuit Court. In exchange, the prosecution dismissed a charge of armed robbery, MICH. COMP. LAWS § 750.529. (Pet. at 1, docket #1.) On December 1, 2005, he was sentenced to a term of incarceration of 80 to 180 months. He sought leave to appeal his sentence to the Michigan Court of Appeals on November 15, 2006. It was denied for lack of merit in the grounds presented on December 19, 2006. He then sought leave to appeal to the Michigan Supreme Court. On May 20, 2007, the Michigan Supreme Court ordered that his appeal be held in abeyance pending a decision in another case, *People v. Cannon*, Docket No. 131994. (May 30, 2007 Order, Mich. Docket No. 133070.) On September 24, 2008, the Michigan Supreme Court reopened the matter, considered Petitioner's application and denied it because the Court was "not persuaded that the question presented should be reviewed." (Sept. 27, 2008 Order, Mich. Docket No. 133070.) According to his petition, Petitioner did not seek leave to appeal to the United States Supreme Court or file a Motion for Relief from Judgment in the Michigan Courts. (Pet. at 3.)

**Discussion**

Petitioner raises one ground in his application for habeas relief. Petitioner asserts that the trial court erred in the scoring of offense variables (OV) 9 and 10 during his sentencing. (Pet. at 6; Ex. at 9, docket #1-2.) He claims that OV 9 should be scored lower because there was only one victim and not 2 to 10 victims. (Ex. at 10.) He also claims that he was incorrectly scored 10 points under OV 10 for exploiting the victim's physical disability, mental disability, youth, agedness, a domestic relationship or Petitioner's authority. (*Id.* at 11.)

The factual allegations underlying Petitioner's conviction involved a robbery of a K-mart store. Petitioner told a cashier at the service desk of the K-Mart store to give him money. (*Id.* at 9.) He pushed something into the clerk's lower back that was not a weapon. (*Id.* at 11.) However, Petitioner concealed the item in his sweatshirt so that it appeared to the cashier to be a weapon. (*Id.*) Petitioner obtained the cash and fled from the store. (Ex. at 9.)

Federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982). Under Michigan's unarmed robbery statute, MICH. COMP. LAWS § 750.530, a defendant may be sentenced to a maximum term of 15 years. Thus, Petitioner's maximum sentence of fifteen years did not exceed the prescribed statutory maximum for the offense. Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Petitioner argues that the Court's findings for OV 9 was not sufficiently supported

because there was only one victim, the cashier who was approached in the robbery. (Ex. at 11.) The sentencing Court denied this argument finding that there was more than one victim since there were a number of people in the store at the time of the robbery. (*Id.* at 9-10.) The Court's determination that those other people also counted as victims clearly fall far short of the sort of egregious circumstances implicating due process. Petitioner's only argument regarding OV 10 is that there was no evidence in the police record that the Petitioner exploited the victim's vulnerability. (*Id.* at 10, 11.) However, Petitioner does not argue that the sentencing court actually relied upon any materially false information. Therefore, the state-court's rejection of Petitioner's claims was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat

anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:     6/18/09                              */s/ R. Allan Edgar*
                                             R. Allan Edgar
                                         United States District Judge